IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

DEBRA E. COOK,                           )
                                         )
              Plaintiff,                 )
                                         )
       v.                                )     CIVIL ACTION NO. 1:07cv115-WC
                                         )
MICHAEL ASTRUE,                          )
Commissioner of Social Security,         )
                                         )
              Defendant.                 )

## MEMORANDUM OPINION AND ORDER

Following administrative denial of her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C.§§ 401, *et seq.* (the Act) and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.*, Debra Enfinger Cook (Cook or Plaintiff) received a requested hearing before an administrative law judge (ALJ) who rendered an unfavorable decision.  When the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security (Commissioner).  Judicial review proceeds pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 636(c), and for reasons herein explained, the Court affirms the Commissioner's decision.

## I.   STANDARD OF REVIEW

Judicial review of the Commissioner's decision to deny benefits is limited.  A reviewing court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner.  *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). This Court must

find the Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999) (citing *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997)).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

2

## II.  ADMINISTRATIVE DECISION

### A.      Sequential Evaluation Process

The Commissioner utilizes a five-step, burden-shifting analysis to determine when claimants are disabled.  20 C.F.R. §§ 404.1520, 416.920 (2005);  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004).  When a claimant is found disabled – or not – at an early step, remaining steps are not considered.  *Id*.  This procedure is a fair and just way for determining disability applications in conformity with the Social Security Act.  *See Bowen v. Yuckert*, 482 U.S. 137, 153 (1987) (citing *Heckler v. Campbell*, 461 U.S. 458, 461 (1983)) (The use of the sequential evaluation process "contribute[s] to the uniformity and efficiency of disability determinations").

The burden of proof rests on a claimant through Step 4. *See Phillips*, 357 F.3d at 1237-39.   As such, the claimant bears the burden of proof for the following:

(1)     Whether she is currently performing a substantial gainful activity;

(2)     Whether she has a severe impairment;

(3)     Whether that severe impairment meets or exceeds an impairment in the listings; and

(4)     Whether she can perform her past relevant work.

*Phillips*, 357 F.3d at 1237-1239.  A claimant establishes *a prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4.  It is only at the fifth step that the burden shifts to the Commissioner, who must then show there are a

significant number of jobs in the national economy the claimant can perform. *Id.*

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functioning Capacity ("RFC"). *Id.* at 1238-39. RFC is what the claimant is still able to do despite her impairments, and is based on all relevant medical and other evidence. *Id.* Morever, it can contain both exertional and nonexertional limitations. *Id.* at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id.* at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[1] ("grids") or call a vocational expert. *Id.* at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each of these factors can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id.* Otherwise, the ALJ may use a Vocational Expert (VE). *Id.* A VE is an expert on the kinds of jobs an individual can perform based on her capacity and impairments. *Id.* For a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments. *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999) (citing *McSwain v. Bowen*, 814 F.2d 617, 619-20 (11th Cir. 1987)).

_____

[1] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

B.      **Findings and Conclusions**

Employing the five step process, the ALJ found Cook has not engaged in substantial gainful activity since the alleged onset date (Step 1); has severe impairments (Step 2);[2] the impairments, considered individually and in combination, do not meet or equal in severity any impairment set forth in the listings (Step 3); Cook cannot perform her past relevant work (Step 4); and there are a significant number of jobs in the national economy Cook can perform. (Doc. #15 at 15-16). As such, Cook was not under a disability as defined by the Act.

At Step Five, the ALJ stated he considered Cook's age, education, work experience, RFC, and received testimony from a VE regarding the availability of jobs that exist in significant numbers in the national economy, which Cook could perform. *Id*. Upon consideration of the record, including the VE's testimony, the ALJ determined Cook could perform the job of housekeeper, which existed in significant numbers in the national economy. *Id*. Accordingly, the ALJ found Cook has not been disabled since the alleged onset date. (Doc. #15 at 18.)

### III. ISSUES

Cook raises two issues on appeal:

(1)     Whether the ALJ properly considered Plaintiff's pain and other non-exertional impairments as required by social security laws and regulations; and

---

[2] The ALJ found the following "severe" impairments: osteopenia, degenerative changes of the thoracic spine, scoliosis, regional pain syndrome, lumbar and rheumatoid arthritis. (Doc. #15 at 15).

(2)     Whether the ALJ improperly found that Cook could perform work as a housekeeper.

IV.    DISCUSSION

A.    **The ALJ properly considered Plaintiff's pain and other non-exertional impairments as required by social security laws and regulations.**

Cook argues the ALJ's decision is "complete and replete with generalizations" which show the ALJ substituted his own observations and criteria for discrediting Cook's testimony concerning pain, instead of relying on objective medical evidence.  (Doc. #13 at 4).  Cook argues "[i]n every medical disability that the ALJ found to meet the criteria of 'severe,' he used his own reasoning and philosophy in an attempt to show that they jointly and severally do not show that the plaintiff is disabled within the meaning of the Act and Regulations." *Id*. at 4.  Cook concludes the ALJ clearly erred when he failed to "give full weight to the plaintiff's testimony of pain which had multifarious medical support."  *Id*.

> In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002).  The ALJ must articulate explicit and adequate reasons for rejecting the subjective testimony of a plaintiff.  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).  "The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the Court] to conclude that the ALJ considered her medical condition as

6

a whole." *Dyer*, 395 F.3d at 1210 (internal quotations omitted).

In the present case, the ALJ found that while the conditions from which Cook suffers "could reasonably cause pain, the degree alleged is not supported by the medical evidence." (Doc. #15 at 16).  The ALJ articulated the following reasons for this determination:

(1)    No proof was presented to show Cook's non-severe impairment of mild degenerative disc disease of the cervical spine imposed any significant limits on her abilities to perform basic work activities.   This impairment was not even mentioned in Cook's Disability Report;

(2)    Cook's claims of a persistent cough and possible right middle lobe infiltrate failed, because they did not last for the duration period at a severe level;

(3)    Cook failed to present any evidence that her past diagnosed conditions of diverticulosis and ovarian cysts lasted for the duration period or imposed significant limitations in her ability to perform basic work activities, and were not listed in her Disability Report;

(4)    Cook's 2002 diagnosis of irritable bowel syndrome was not proven to be severe during the duration, and EMG and NCS testing did not show evidence of tarsal tunnel syndrome or polyneuropathy;

(5)    In 2004, Cook had no limitations despite a 2003 diagnosis of pending osteopenia and an x-ray showing mild degenerative disc disease of the thoracic spine and scoliosis.  Further, while she has been diagnosed with regional pain syndrome in her foot, and rheumatoid arthritis, in November 2005, she was said to be alert, cooperative, and oriented, was able to move 'all' extremities 'well', and made no alegations of disabling pain;

(6)    In April 2006, despite having been diagnosed with sympathetic dystrophy with parestesias, rheumatoid arthritis, asthma, osteoporosis, and tobacco dependence in 2005, she had a normal ECG, normal chest x-ray, and a generally overall normal physical exam.

(Doc. #15 at 15-16).  The ALJ concluded by stating "[n]o doctor who examined her records or examined her has opined that she is disabled." *Id*. at 16.

7

Clearly, the ALJ articulated explicit and adequate reasons for rejecting Cook's subjective pain testimony, and found that in some instances, there was no underlying medical condition. Further, as required by the three part test enumerated in this Circuit for evaluating subjective testimony of pain, *See Wilson,* 284 F.3d at 1225, when the ALJ found an underlying medical condition, he specified that there was no objective medical evidence confirming the severity of the pain, even pointing out that Cook failed to complain of any pain. The ALJ also, noted Cook failed to show that her objectively determined medical conditions could reasonably be expected to give rise to the claimed pain. Thus, the ALJ properly considered Cook's subjective complaints of pain and rejected them. (Doc. #15 at 16). Further, there is substantial evidence in the record, which supports the ALJ's credibility determination.

### B.    The ALJ properly found Cook could perform work as a housekeeper.

Cook's second claim alleges "the vocational experts testimony of her severe ailments would [sic] permit and she would be able to perform an occupation of housekeeping, become ludicrous if not insane." (Doc. #13 at 2). Cook specifically argues the VE improperly relied on his own thinking and layman observations and not on any scientific or expert foundation. Cook points this Court to this portion of the record in support of his argument:

VE     A.  That's normally described as medium, semiskilled work, Your Honor.

ALJ    Q.  Medium and semiskilled.

VE     A.  However, from my experience and observation sometimes it does go into heavy category. Just personal experience.

8

(Doc. #15-2 at 125.)   These answers were given in the context of the VE informing the ALJ that Cook's past employment in a retirement home most closely matched the title of CNA nurse's aid in the Dictionary of Occupational Titles.  The VE stated the job was normally described as medium, semiskilled work, "[h]owever, from [his] experience and observation sometimes it does go into heavy category. [This is just his] personal experience."  *Id*.

The Court first notes the VE's statement, that the work is sometimes heavy, only helps Cook's claim that she is disabled.  Second, the Court notes this claim is irrelevant, because the ALJ determined Cook was unable to perform any past relevant work.  Third, the Court finds this argument invalid, because the VE is allowed, as an expert, to testify based on his personal experience and knowledge.  20 C.F.R. §§ 404.1560(b) (A VE "may offer relevant evidence within his or her expertise or knowledge.");  *see Hampton v. Barnhart*, 184 Fed. Appx. 642 (9th Cir. 2006) (finding the ALJ can can accept VE expert testimony that contradicts the Dictionary of Occupational Titles, where VE's testimony is based on personal experience.); *see also Ninemires v. Astrue*, 2007 WL 4207111 (D. Kan. Nov. 25, 2007) (holding the ALJ properly based his decision on VE's testimony, which was based on personal experience.);  *see also Coppage ex rel. Osborne v. Barnhart*, 2004 WL 830475 (N.D. Ill. Apr. 14, 2004) ("Personal experience and judgment are a valid foundation for the VE's estimation."); *see also Rivarde v. Apfel*, 2001 WL 197835 (E.D. La. Feb. 23, 2001) (concluding that the VE's testimony based on her personal experiences with ex-husband's ability to function while medicated with Doxepan was sufficient to shift burden to claimant.).

Next, Cook appears to argue[3] the ALJ's acceptance of the VE's determination that Cook could perform housework was "astounding." (Doc. #13 at 5).  Cook states the "[m]illions of homemakers, and those sentenced to such straineous[sic] continuous lifting, pushing, pulling action as drawing and carrying buckets full of mop water, lugging heavy vacuum cleaners, pushing the same over carpets and floors, cleaning windows and doing laundry, ironing clothes, cooking and preparing meals, etc., all such humans condemned to such a fate are stronger precedent than law libraries can supply."  *Id*.  It is clear from the record the ALJ took all of Cook's limitations into account, when determining she could perform the requirements of representative occupations such as maid/housekeeper[4] and that decision is supported by the record.[5]

Finally, Cook appears to argue the ALJ's determination that Cook could perform work as a housekeeper, is inconsistent with the VE's response to one of the ALJ's hypothetical

---

[3] The Court uses the phrase "Cook appears to argue," because the pleadings are no model of clarity. The Court has had to gleam Cook's argument from such sentences as: "The Plaintiff also says the ALJ's decision is due to be reversed first to the job criteria the VE finding when he testified on the ALJ's first criteria of her past employment, nursing care that indeed she could not perform in her disabled condition that the ALJ first hypothecated [sic] work in such endeavor."; and "After the ALJ's questions to the VE on the nature of claimant's disabilities as they related to possibilities of availability of certain employment."  The Court observes that it has expended an extraordinary amount of time working through the claims in this matter.  Pleadings which are drafted and signed by a lawyer should not leave the Court and opposing parties guessing about their construction, especially as to a matter as basic as what a party's claims are.

[4] The VE also testified that Cook could perform work as a hand packer and service worker. (Doc. #15-2 at 126.)

[5] The Court will refrain from commenting on Cook's assertions that homemakers are persons "sentenced" and "condemned to such a fate."

questions.   At the hearing, the VE testified a person would normally be excluded from employment where the person, subject to the limitations claimed by Cook,  required two thirty minute breaks a day at their own discretion.  (Doc. #15-2 at 128).

The ALJ posed more than one hypothetical question to the VE.  The first hypothetical question was one "which comprise[d] all of the claimant's impairments."  *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002).  The ALJ, inquired further, asking the same hypothetical question, but adding an absentee factor, and then later taking away the absentee factor and replacing it with a multiple break factor. (Doc. #15-2 at 125-28).

As the ALJ was not required to pose additional hypothetical questions, which included claims made by Cook that were not supported by objective medical evidence, *see Wilson v. Barnhart*, 284 F.3d 1219 (11th Cir. 2002), he is certainly free to reject its answer.  The ALJ plainly discredited Cook's testimony concerning her pain and the limiting effects of her symptoms and found her testimony concerning disabling medical conditions to be unsupported by the medical findings based on objective medical evidence.  (Doc. #15 at 16). Thus the ALJ's reliance on the VE's determination that Cook could perform the functions of a housekeeper and the VE's answer to the first hypothetical question, which comprised all of Cook's impairments was proper and is supported by the record as a whole.

## V. CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion and Order*, the Court concludes the ALJ's non-disability determination and denial of benefits is

11

supported by substantial evidence.  It is, therefore, **ORDERED** that the decision of the

Commissioner is **AFFIRMED**.  A separate judgment is entered herewith.

DONE this 18th day of January, 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE